THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* DÍAZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Petty Larceny.

No. 860.—Decided November 30, 1915.

EVIDENCE—HEARSAY EVIDENCE—MOTION TO STRIKE OUT.—No error is committed by a judge who overrules a motion to strike out a certain part of the testimony of a witness on the ground that it is hearsay when his ruling is not excepted to and the accused has not been injured thereby.

EMBEZZLEMENT—LARCENY.—The difference between the crimes of embezzlement and larceny consists in that in the former the offender has possession of the property and unlawfully appropriates the same to his own use, while in the latter he appropriates to his own use property which he takes from the possession of another person.

ID.—LARCENY.—When larceny is charged in the complaint and embezzlement, as defined in section 445 of the Penal Code, is proved at the trial, the accused cannot be convicted of the second offense, because it is not necessarily included in the first.

The facts are stated in the opinion.

*Messrs. Tizol & Campillo* for the appellants.

*Mr. Salvador Mestre, fiscal,* for The People.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by the defendants, Arturo Díaz and Gustavo Padró, from a judgment of the District Court of San Juan, Section 2, of February 26, 1915, convicting them of the crime of petty larceny and sentencing them to pay a

fine of $100 each or, in default of its payment, to imprisonment one day for each dollar not paid.

The defendants are charged with having committed the said crime of petty larceny "on June 13, 1913, in the district of Dorado which forms part of the judicial district of San Juan, by unlawfully, wilfully, maliciously and with criminal intent, taking away two cartloads of charcoal, valued at $15, from the property of Antonio Pizá and selling the same to Manuel Meléndez."

The alleged grounds of appeal are as follows:

1. That the court erred in not allowing that part of the testimony of witness Antonio Pizá which referred to the missing charcoal to be stricken out on the ground that it was hearsay, and

2. That the judgment is contrary to the evidence.

That part of the testimony of Pizá asked to be stricken out was not excepted to in the proper manner by the defendants, nor were they in any manner injured thereby.

As to the evidence, after carefully considering the same we find that if any offense were proved it was not that of petty larceny but of embezzlement as defined in section 445 of the Penal Code, for the defendants were in the employ of Antonio Pizá as overseers and the charcoal which they are charged with having stolen was in their custody, according to the testimony of witness Pizá.

The difference between the crimes of embezzlement and larceny consists in that in the former the offender has possession of the property and unlawfully appropriates the same to his own use, while in the latter he appropriates to his own use property which he takes from the possession of another person. *The People* v. *Kent,* 10 P. R. R. 325.

As there is no evidence of the crime of larceny with which the defendants were charged, and as they cannot be convicted of embezzlement because it is not necessarily included in the former crime, the judgment appealed from should be reversed

and defendants Arturo Díaz and Gustavo Padró acquitted of
the crime of larceny.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.